**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **DIANA VALDEZ** | § | **CIVIL ACTION NO. 4:25-cv-01168** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ROSS STORES, INC., ET AL.** | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE:

COMES NOW **Ross Stores Inc. and Ross Dress for Less, Inc.** (hereinafter referred collectively as "Ross") and files this Motion for Summary Judgment, dismissing all claims and dismissing the plaintiff's complaint in its entirety and in support thereof, would respectfully show the Court the following:

### I.   BACKGROUND

1. This is a premises liability "slip and fall" case wherein Plaintiff alleges she slipped on water while shopping at a Ross store located at 4553 Garth Rd., Baytown, Texas 77521 on August 10, 2023.

### II.   SUMMARY OF THE ARGUMENT

2. A Plaintiff asserting a claim for premises liability must prove that: (1) Ross had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner did not exercise reasonable care to reduce or eliminate the risk; and (4) failure to use such care caused plaintiff's injuries. Plaintiff has proffered no

evidence that Defendant Ross had actual or constructive knowledge of the water allegedly on its premises on August 10, 2023. Consequently, Defendant Ross is entitled to summary judgment on Plaintiff's entire case as a matter of law.

### III.    STANDARD OF REVIEW

3.    Pursuant to Federal Rule of Civil Procedure 56(c), Summary judgment is proper if the pleadings, discovery and other materials on file show there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Carrett*, 477 U.S. 317, 323-24 (1986).

4.    The burden of proof in a summary judgment proceeding is on the same party who would bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 324. A defendant may move for summary judgment by showing there is no evidence to support an essential element of the plaintiff's claim. *Id* at 325. It is not necessary for the defendant to introduce evidence that negates the plaintiff's claims. *Id* at 323; *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). In fact, there is no burden on the moving party to produce evidence showing the absence of a genuine issue of material fact, even with respect to an issue on which the nonmoving party bears the burden of proof. *Celotex Corp.*, 477 U.S. at 325. Rather, the movant can meet its burden merely by pointing out to the Court that "there is an absence of evidence to support the nonmoving party's case." *Id*.

5.    To avoid summary judgment, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Significantly, conclusory allegations and unsubstantiated assertions do not satisfy the nonmovant's summary judgment burden. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). After adequate time for discovery, a court may grant

summary judgment against a party who bears the burden of proof and who cannot establish an essential element of its claims. *Celotex.*, 477 U.S. at 322-323.

6.   Because jurisdiction in this case is based upon diversity of citizenship, Texas substantive law controls the issues presented in Defendant's motion. *Erie R. v. Tompkins¸*304 U.S. 64 (1937); *Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 314 (5th Cir. 2003) (applying Texas substantive law in a premises liability case.)

## IV.   ARGUMENT AND AUTHORITIES

### A. *No Actual or Constructive Knowledge*

7.   Under Texas law, a Plaintiff asserting a claim for premises liability must prove that: (1) [Ross] has actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) [Ross] did not exercise reasonable care to reduce or eliminate the risk; and (4) [Ross]'s failure to use such care possibly caused plaintiff's injuries. *Austin v. Kroger Texas*, 465 S.W.3d 139 (Tex. 2015); *Wal-Mart Stores v. Gonzalez*, 968 S.W. 2d 934 (Tex. 1998) (citing *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992)); *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1988).

8.   Defendant did not have actual or constructive knowledge of the condition which gave rise to the injury in this case. For actual knowledge, the premises owner must have actually known the alleged dangerous condition existed when the Plaintiff was injured. *City of Denton v. Paper*, 376 S.W.3d 762, 767 (Tex. 2012). For constructive knowledge, the condition must exist long enough for the premises owner to discover the condition through a reasonable inspection. *CMH Homes, Inc. v. Daenem*, 15 S.W.3d 97, 102-103 (Tex. 2000). Further, to prove that Ross had actual or constructive knowledge of the spilled substance, Plaintiff will have to show: (1) [Ross] placed the foreign substance on the floor; (2) [Ross] actually knew that the substance was on the floor; or (3)

the foreign substance was on the floor long enough to give [Ross] a reasonable opportunity to discover and eliminate the water. *See Keetch*, 845 S.W.2d at 245.

9.   Here, there is no evidence that any Ross employee or agent knew of any dangerous condition on the floor where Plaintiff fell. Surveillance footage of the incident captures the moment of the fall, but at no point in the fifteen minutes prior to the incident can water clearly be made out. EX-A, Surveillance Footage at 15:45.[1]



10. Plaintiff will argue that actual or constructive notice is met because at approximately the 2:45 mark of the footage, a Ross store employee with a cart passed by the same area and did not

---

[1] Video accessible at: https://mehaffyweber.sharefile.com/public/share/web-s40e88b72cfc04f78b090cff7587ee154

warn or make safe the alleged hazard. However, this amounts to nothing more than speculation because, again, the subject water which caused the incident cannot be seen at any point in the footage available. *Id* at 2:49.



Additionally, between the moment Ross' employee walked past the area where the incident occurred and the incident approximately 24 customers walked by the same area without issue. *See generally* EX-A. And while no water can be made out from the footage at any time, a customer at the 13:13-13:18 mark can be seen crouching down to pick up something they dropped in the exact area where Plaintiff would later fall:



Nevertheless, the matter remains as speculation. Because no jury could view the video in question and make a determination of how long the water which caused Plaintiff's injuries would have existed, the video cannot constitute evidence of actual or constructive knowledge.

11. Accordingly, Plaintiff cannot show Ross had actual knowledge of the allegedly hazardous condition on the store premises because an assumption that the water was present prior to the employee's passing is no more supported than the notion that it was spilled after the moment the employee walked through. Thus, Plaintiff has presented no evidence to establish the condition existed long enough for Ross to discover the condition through a reasonable inspection, and therefore has failed to prove Ross had constructive knowledge of the condition. As such, Plaintiff has failed to establish the requisite element of knowledge by Ross to succeed in a claim of premises liability.

**B.  _Plaintiff Cannot Satisfy the Time-Notice Rule_**

12. Without support for actual knowledge, Plaintiff's claim relies on her ability to establish constructive knowledge. In premises liability cases, constructive knowledge can be shown based on the length of time that the condition existed before the alleged fall and injury. _Wal-Mart Stores v. Reece_, 81 S.W.3d 812, 815 (Tex. 2002). Plaintiff must present evidence showing the length of

time the condition remained on the floor; this is known as the "time-notice rule," which the Texas Supreme Court has recognized as "firmly rooted in our jurisprudence." *Id*.

13. The "time notice rule" is based on the premise that temporal evidence best indicates whether the store owner has a reasonable opportunity to discover and remedy a dangerous condition. *Id* at 816. Texas courts have long recognized that a store owner shall not be liable for the carelessness of another person (i.e. a customer) over whom it had no control, or for the fortuitous act of a single customer that could instantly create a dangerous condition. *See e.g., Wal-Mart Stores v. Spates*, 186 S.W.3d 566, 568 (Tex. 2006); *Reece*, 81 S.W.3d 812 (Tex. 2002); *Gonzalez*, 968 S.W.2d at 936. The court in *Reece* held, "what constitutes a reasonable time for a premises owner to discover a dangerous condition will… vary depending on the facts and circumstances presented." *Reece*, 81 S.W.2d at 936. Holding a store owner responsible for inspecting and removing substances that have been on the floor for only a short length of time is tantamount to imposing strict liability, not a duty of ordinary, which is the appropriate standard for recovering under the theory of premises liability under Texas. *See Id*.

14. The burden on Plaintiff's in slip and fall cases is very high. *See Wal-Mart v. Gonzalez*, 968 S.W.2d 934 (Tex 1998). The Texas Supreme Court has consistently refused to limit the time-notice rule in slip and fall cases. In *Wal-Mart Stores v. Gonzalez*, the appellate court applied a "relaxed burden of proof" in a slip and fall case because the evidence was scant. 954 S.W.2d 77, 783. The appellate court recognized that the great majority of slip and fall cases are lost at the trial level due to the difficulty in gathering evidence regarding actual or constructive knowledge and reasoned that a plaintiff has an obligation to produce only that evidence which exists. *Id*. The Texas Supreme Court rejected the appellate court's application of a relaxed burden of proof and rendered judgment for the store owner. *See Gonzalez¸* 968 S.W.2d 934 (Tex. 1998). The Court further stated,

"[t]he harsh reality is that if [a] plaintiff cannot prove facts to support her cause of action, there simply is no recovery." *Id*.

15. Likewise, in *Wal-Mart Stores v. Reece*, the appellate court held that the plaintiff had sufficiently proven constructive knowledge by showing that store employees were in close enough proximity to the hazard that they should have discovered it. *Reece*, 81 S.W.3d 812, 812 (Tex. 2002). The Texas Supreme Court reversed, and held the following:

> There must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify or warn of the danger; without some temporal evidence, there is no basis for which a fact finder can reasonably assess the opportunity the premises owner had to discover the dangerous condition. Otherwise owners would face strict liability for any dangerous condition on their premises, an approach we have clearly rejected. *Id* at 816.

16. Here, Plaintiff has failed to present any temporal evidence of the condition which she alleges caused her injuries. And Plaintiff's own testimony establishes she has no knowledge of how long the condition existed:

> 3 Q … Do you
> 4 know how long the water was on the ground?
> 6 No.[2]

No evidence has been presented that any store employee saw the condition on the floor before Plaintiff fell, meaning Plaintiff has no direct evidence show how long the condition was on the floor. Second, to satisfy the time-notice rule with circumstantial evidence, Plaintiff must show that it was "more likely than not that [the condition] had been there" for a period of time, long enough that the store owner should have discovered it." *See Sturdivant v. Target Corp.*, 464 F.Supp.2d 596, 603 (N.D. Tex. 2006). A plaintiff may rely on circumstantial evidence to establish constructive notice, "but [such evidence] must transcend mere suspicion." *Lozano v. Lozano*, 52

---

[2] EX-B, Deposition of Diana Valdez, 56/3-6. [objection and formatting omitted]

S.W.3d 141, 149 (Tex. 2001). However, "[w]hen circumstances are consistent with any possibility, and nothing shows that one is more probable than the other, no fact can be inferred," "[e]vidence so slight that any inference is purely a guess is no evidence at all." *Id*.  Plaintiff has no evidence whatsoever to even infer how long the condition was on the floor.

18.  In the instant case, Plaintiff has no temporal evidence to establish that Ross was negligent in any way. In fact, Plaintiff's only allegation of a dangerous condition is that she slipped and fell on water in Ross's store. Plaintiff has failed to present any evidence that transcends suspicion of facts, or loose inference. Accordingly, Plaintiff has not introduced any evidence that would allow a factfinder to assess the opportunity the premises owner had to discover the dangerous condition.

**C**ONCLUSION AND **P**RAYER

For the reasons stated above, Defendant respectfully prays that this Honorable Court grant Defendant's Motion for Summary Judgement in its entirety, render judgment that Plaintiff take nothing from Defendant; award Defendant its recoverable costs incurred in defending this matter; and grant all such other and further relief, both general and special, at law or in equity, to which Defendant may be justly entitled.

Respectfully Submitted

**MEHAFFYWEBER, P.C.**

By: */s/ Maryalyce W. Cox*
Maryalyce W. Cox
Texas Bar No. 24009203
One Allen Center
500 Dallas, Suite 1200
Houston, Texas 77002
Telephone: 713-655-1200
Fax: 713-655-0222
maryalycecox@mehaffyweber.com

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that the above motion was served on all parties of record in accordance with the Federal Rules of Civil Procedure on the 25th day of March 2026.

/s/ Maryalyce W. Cox
Maryalyce W. Cox