United States District Court
Southern District of Texas
**ENTERED**
October 08, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DIANA VALDEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:25-cv-1168** |
| | § | |
| **ROSS STORES, INC., ROSS DRESS FOR LESS, INC.,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the Court[1] is Defendants Ross Stores Inc. and Ross Dress for Less, Inc.'s (collectively "Ross") Motion for Summary Judgment (ECF No. 24). Having reviewed the parties' arguments, the record, and applicable law, the Court **RECOMMENDS GRANTING** Ross's Motion for Summary Judgment (ECF No. 24).

## I. Background

This case concerns a slip and fall incident that occurred at one of Ross's stores. (ECF No. 1-2 at 2). On August 20, 2023, Plaintiff Diana Valdez ("Plaintiff") allegedly slipped and fell due to water or an unknown liquid on the floor. (*Id.*). Plaintiff claims she suffered injuries from the fall. (*Id.* at 2–3).

---

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (ECF No. 32).

On February 3, 2025, Plaintiff filed this case in the 165th Judicial District Court in Harris County, Texas, asserting a premises liability claim. (ECF No. 1-2). Ross then removed the case to this Court based on diversity jurisdiction. (ECF No. 1 at 2). Plaintiff filed an amended complaint with leave of court. (ECF No. 19). Ross now moves for summary judgment (ECF No. 24) and to strike Plaintiff's medical records and billing affidavits that were served pursuant to Texas Civil Practice and Remedies Code Section 18.001 (ECF No. 30).[2]

## II. Legal Standard

Motions for summary judgment are governed by Federal Rule of Civil Procedure ("Rule") 56. Rule 56(a) instructs the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Talasek v. Nat'l Oilwell Varco, L.P.*, 16 F.4th 164, 168 (5th Cir. 2021) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

[2] The parties also have filed Motions in Limine (ECF Nos. 35, 37), which are pending.

(1986)). A material fact is one that "might affect the outcome of the suit under the governing law." *Bazan ex rel. v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (emphasis omitted); *see Aguirre v. City of San Antonio*, 995 F.3d 395, 406 (5th Cir. 2021). "An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan*, 246 F.3d at 489 (emphasis omitted). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

The movant is tasked with the initial burden of informing the Court of the basis for the motion and pointing to relevant excerpts in evidence that demonstrate the absence of genuine issues of material fact. *See Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (quoting *Celotex Corp.*, 477 U.S. at 323). The movant may also argue that the nonmovant failed to produce evidence in support of at least one element of a cause of action for which he bears the burden of proof. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017).

If the movant satisfies the initial burden, it shifts to the nonmovant who must produce evidence of a genuine factual dispute; he may not merely rest on the allegations in his pleading. *See Coastal Agric. Supply, Inc.*, 759 F.3d at 505 (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir.

2005)). The Court should not accept "[u]nsubstantiated assertions, improbable inferences, [or] unsupported speculation" as sufficient to carry the nonmovant's burden. *Brown v. City of Hous., Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). However, where there is evidence of a genuine factual dispute, such disputes are resolved in favor of the nonmoving party "when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 (5th Cir. 1999); *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017). Further, a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Baker v. Coburn*, 68 F.4th 240, 244 (5th Cir. 2023), *as revised* (May 19, 2023).

## III. Discussion

Ross argues it is entitled to summary judgment in this action because Plaintiff has proffered no evidence that Ross had actual or constructive knowledge of the water allegedly on its premises on the day of the incident. (ECF No. 24 at 1–2). Specifically, Ross submits that surveillance footage of the incident captures the moment of the fall, "but at no point in the fifteen minutes prior to the incident can water clearly be made out" and that there is no evidence that any Ross employee knew of any dangerous condition on the floor

where Plaintiff fell.[3] (*Id.* at 3–9). In response, Plaintiff argues that because the video shows two Ross employees walking over the area where Plaintiff fell and because Ross's corporate representative Susana Camacho ("Camacho") and employee Rose Hopkins ("Hopkins") testified at deposition that any spill would have been cleaned had it been noticed, this proves Ross did not exercise reasonable care to eliminate the risk of harm. (ECF No. 33 at 3–12).[4] In reply, Ross contends Plaintiff still fails to create a genuine dispute of material fact as to the issue of notice because "Plaintiff asks the Court to infer notice from speculation about what the surveillance video does not show and from deposition testimony that, when read in context, does not support Plaintiff's position." (ECF No. 34 at 1). The Court agrees with Ross.

To establish a premises liability claim under Texas law, Plaintiff must show that (1) Defendant had actual or constructive knowledge of some condition on the premises, (2) the condition posed an unreasonable risk of harm, (3) Defendant did not exercise reasonable care to reduce or eliminate the unreasonable risk of harm, and (4) Defendant's failure to use reasonable care

---

[3] In its summary judgment motion, Ross has provided a link to the video footage (ECF No. 24 at 4); however, the Court could not access it. Instead, the Court has reviewed the video exhibit provided by Ross to the clerk's office. (*See* ECF No. 41).

[4] After Plaintiff filed her initial opposition to Ross's summary judgment motion (ECF No. 26), Plaintiff filed a supplemental response, adding the deposition testimony of Ross's employee Rose Hopkins, with the Court's permission. (ECF Nos. 31, 33). The Court refers to this latter response.

proximately caused Plaintiff's injuries. *See Moreno v. Wal-Mart Stores Tex., LLC*, 506 F. Supp. 3d 503, 506 (S.D. Tex. 2020) (citing *LMB, Ltd. v. Moreno*, 201 S.W.3d 686, 688 (Tex. 2006)). To satisfy the first element, a plaintiff must establish that "(1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

Here, Ross argues that Plaintiff has no evidence that creates a genuine issue of material fact as to the actual or constructive knowledge element. (ECF No. 24 at 3–4). Ross points out that Plaintiff identifies no witness who saw the water before the incident, no evidence establishing when the water first appeared, and no evidence that any employee saw the condition before Plaintiff fell. (ECF No. 34 at 1–2). Ross also argues the absence of a visible spill on video does not establish if, when, or how the liquid appeared, whether it was visible to an employee exercising reasonable care, or whether it existed long enough to provide Ross with a reasonable opportunity to discover and remedy it. (*Id.* at 2–4). Ross thus argues that Plaintiff's contentions are based on speculation. (*Id.*).

To show constructive knowledge, Plaintiff "must provide temporal evidence to show that the [condition] 'existed for some length of time.'" *Moreno*, 506 F. Supp. 3d at 507 (citing *Reece*, 81 S.W.3d at 815). "Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition," but "[w]hat constitutes a reasonable time for a premises owner to discover a dangerous condition will, of course, vary depending upon the facts and circumstances presented." *Reece*, 81 S.W.3d at 816. Here, Ross is correct that the record evidence does not support actual or constructive notice.

Hopkins testified that she did not remember seeing anything wet on the floor, and if it was present when she walked by, she would not have missed it. (ECF No. 33-2 at 20–21, 43). Camacho generally testified that employees are expected to see and clean hazards if present. (ECF No. 33-1 at 57–58). Camacho also testified that she reviewed the video and did not see anyone spill anything. (*Id.* at 67–68, 70–71). Indeed, upon review, the video exhibit does not show anyone spilling a liquid where Plaintiff fell. Instead, the video shows several instances where multiple individuals walk through the area in question without incident. (*See* ECF No. 41 (Video) at 0:02:35–0:02:50, 0:03:40–0:03:55, 0:04:15–0:04:20, 0:05:45–0:05:55, 0:06:30–0:06:35, 0:07:10–0:07:20, 0:07:350–0:08:00, 0:09:45–0:10:00, 0:12:25–0:12:45, 0:13:10–0:13:25,

0:13:40–0:13:50, 0:15:15–0:15:25). Plaintiff then appears to fall at the 0:15:45 mark of the video.

Hopkins and Camacho had not seen water prior to the fall and had no personal knowledge of the length of time it had been on the floor; and Plaintiff has not presented other witnesses or evidence to prove otherwise. Thus, there is no evidence to charge Ross with constructive knowledge of a dangerous condition. *See Wal-Mart Stores v. Gonzalez*, 968 S.W.2d 934, 938 (Tex. 1998) ("The witnesses had not seen the macaroni salad prior to the fall and had no personal knowledge of the length of time it had been on the floor. . . . We hold that the evidence that the macaroni salad had 'a lot of dirt' and tracks through it and the subjective testimony that the macaroni salad 'seemed like it had been there awhile' is no evidence that the macaroni had been on the floor long enough to charge Wal-Mart with constructive notice of this condition."); *Robledo v. Kroger Co.*, 597 S.W.2d 560, 561 (Tex. Civ. App.—Eastland 1980, writ ref'd n.r.e.) (holding that the trial court committed no error in sustaining objection to plaintiff's testimony that the water "had been there for some time" because the plaintiff had no personal knowledge of how long the puddle had been there).

"When the plaintiff attempts to prove constructive knowledge through circumstantial evidence, the evidence must establish that it is *more likely than*

*not* that the dangerous condition existed long enough to give the possessor a reasonable opportunity to discover it." *Costley v. H.E. Butt Grocery Co.*, No. 07-cv-337, 2009 WL 2264116, at *1 (Tex. App.—Waco July 29, 2009, pet. dism'd) (emphasis in original). "[E]vidence that supports only the *possibility* that a dangerous condition existed long enough to give the possessor a reasonable opportunity to discover it is insufficient to prove constructive knowledge." *Id.* (emphasis in original). At most, Plaintiff's evidence supports only the possibility that a dangerous condition existed long enough to give Ross a reasonable opportunity to discover it and is insufficient to prove constructive knowledge. *Id.* at *2. As such, Ross is entitled to summary judgment on Plaintiff's premises liability claim.

## IV. Conclusion

Based on the foregoing, the Court **RECOMMENDS GRANTING** Ross's Motion for Summary Judgment (ECF No. 24). If this Memorandum and Recommendation is adopted by the District Judge, the Court **DENIES AS MOOT** Ross's Motion to Strike Plaintiff's Billing Affidavits (ECF No. 30), Plaintiff's Motion in Limine (ECF No. 35), and Ross's Motion in Limine (ECF No. 37).

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file

written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on October 8, 2026.

Richard W. Bennett
United States Magistrate Judge